Nettie Fieseler, Appellant, *v.* George H. Stege, Respondent.

*Action to set aside instruments procured by fraud — complaint — when a good cause of action is set forth therein.*

The complaint in an action alleged the recovery of a judgment for $1,464.45 against the plaintiff's husband by the defendant and another, and an agreement that the plaintiff should give the defendant a chattel mortgage upon her property for $250, in full settlement of the said judgment; that the plaintiff was unfamiliar with legal papers, and was unable to read English, and that in pursuance of said agreement she signed such papers as were presented to her, on the assurance and in the belief that she was signing such chattel mortgage; that the defendant fraudulently took advantage of the plaintiff's ignorance, and procured her to sign a statement for the entry of judgment by confession for the amount of the judgment against her husband, with interest, and also procured her to sign a chattel mortgage in his favor to secure the payment of such amount.

The entry of such judgment by confession and the filing of such chattel mortgage were alleged, and it was further alleged that the confession of judgment

and mortgage both stated that they were given in satisfaction of the judgment against the plaintiff's husband. That such judgment had been satisfied, and that the plaintiff's husband was insolvent.

The relief demanded was that the mortgage and judgment be declared void and canceled of record, and that the original chattel mortgage be delivered up to the plaintiff and be canceled.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*Held,* that while the facts upon which the charge of fraud rested might with propriety have been set out more specifically, yet a cause of action was stated and the demurrer should have been overruled;

That the word "assurance," as used in the complaint, meant representation, declaration or persuasion;

That the false representation or declaration alleged, whether made by the defendant or by some one acting for him, was a fraud which would vitiate the transaction and justify the relief sought.

APPEAL by the plaintiff, Nellie Fieseler, from an interlocutory judgment of the Supreme Court in favor of defendant, entered in the office of the clerk of the county of Kings on the 22d day of December, 1894, upon the decision of the court rendered at the Kings County Special Term sustaining the defendant's demurrer to the complaint and dismissing the complaint.

*Horace Secor, Jr.,* for the appellant.

*Uriah W. Tompkins,* for the respondent.

BROWN, P. J. :

The complaint in this action alleged the recovery of a judgment against the plaintiff's husband by the defendant and one Behrman on or about November 17, 1891, for $1,464.45, and a levy by the sheriff of Kings county under said judgment upon property belonging to the plaintiff, and an agreement that the plaintiff should give to the defendant a chattel mortgage upon her property for $250 in full settlement of the said judgment.

The third and fourth allegations of the complaint were as follows:

"III. That plaintiff was unfamiliar with legal papers, and was unable to read English; and that in pursuance of said agreement she signed such papers as were presented to her on the assurance and in the belief that she was signing said chattel mortgage.

"IV. On information and belief, that the defendant, fraudulently taking advantage of plaintiff's ignorance, procured her to sign a

statement for the entry of a judgment by confession in his favor, dated August 3, 1892, for the sum of $1,464.45 (being the amount of the aforesaid judgment against her husband), with interest from November 17, 1891; and also procured her to sign a chattel mortgage in his favor, dated August 3, 1892, to secure the payment of $1,464.45 three years from date, with interest from November 17, 1891."

It further alleged the entry of judgment against the plaintiff upon such confession in the Supreme Court on August 3, 1892, and the filing of a copy of said chattel mortgage in the office of the register of Kings county on the same day.

That said confession and mortgage both stated that they were given in satisfaction of the judgment against plaintiff's husband, and that said judgment had been satisfied, and that her said husband was insolvent.

The relief demanded was that said mortgage and judgment be declared void and canceled of record, and that the original chattel mortgage be delivered up and canceled.

To this complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the Special Term, and the plaintiff has appealed to this court.

While the facts upon which the charge of fraud rests might, with propriety, be set out more specifically by the plaintiff, we are of the opinion that a cause of action is stated, and that the demurrer should have been overruled.

In the fourth paragraph of the complaint the plaintiff alleges that the defendant, fraudulently taking advantage of her ignorance, procured her to sign the confession of judgment and the chattel mortgage.

The ignorance of which advantage was taken was her inability to read English, which fact is alleged in the third paragraph, and the act which constituted the fraud is there alleged to be " the assurance " that she was signing " said chattel mortgage," which meant a chattel mortgage for $250.

The word " assurance " is there used to mean " representation," " declaration " or " persuasion," and such declaration was made to her by the person presenting the paper. Such is the fair meaning

of the allegation that " she signed such papers as were presented to her on the assurance \* \* \* that she was signing said chattel mortgage."

While it is not alleged that the defendant was the person who made the representation, it is plain that it was either he or some one acting for him, and in either event the false representation or declaration was a fraud which would vitiate the transaction and justify the relief which the plaintiff sought.

The fraudulent acts which induced the execution of the two instruments which the plaintiff sought to have set aside were, therefore sufficiently alleged, and the demurrer was not well taken.

The judgment should be reversed and the demurrer overruled, with costs of appeal and costs of trial, and the defendant have leave to answer in twenty days upon payment of costs.

CULLEN and DYKMAN, JJ., concurred.

Judgment reversed, with costs, and demurrer overruled, with leave to defendant to answer in twenty days on payment of costs.